IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN A. JOHNSON, | : | |
|     Petitioner, | : | |
| | : | 1:16-cv-0973 |
| v. | : | |
| | : | Hon. John E. Jones III |
| DAVID J. WEBER, | : | |
|     Respondent. | : | |

## MEMORANDUM

### December 28, 2017

Presently before the court is a petition for writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2241 filed by Petitioner, Steven A. Johnson, a federal inmate presently incarcerated at the United States Penitentiary at Canaan ("USP-Canaan"), Waymart, Pennsylvania. He contends that his due process rights were violated during the course of prison disciplinary proceedings conducted at the United States Penitentiary at Lewisburg ("USP-Lewisburg"), Pennsylvania. Sanctions included, *inter alia*, loss of good conduct time.

The petition is ripe for disposition and, for the reasons that follow, will be denied.

### I. BACKGROUND

On March 4, 2016, while incarcerated at USP-Lewisburg, staff served Johnson with Incident Report Number 2823084, charging him with Assaulting any Person in violation of Federal Bureau of Prisons ("BOP") Prohibited Acts Code

224, and Refusing an Order in violation of Prohibited Acts Code 307. (Doc. 23-1, p. 3). On April 18, 2016, a Disciplinary Hearing Officer ("DHO") found Johnson guilty of Assault in violation of Prohibited Acts Code Section 224. (Doc. 1, p. 2; Doc. 23-1, pp. 10, 11). He indicates that his administrative appeal to the Northeast Regional Office, filed on May 8, 2016, remains "unresolved." (Doc. 1, p. 2).

He seeks to be exonerated of all charges, to have his good conduct time restored, and to eliminate all other sanctions. (*Id.* at 8).

## II. DISCUSSION

Respondent argues that the petition should be dismissed based on Johnson's failure to exhaust his administrative remedies prior to seeking review in federal court. (Doc. 17, p. 2). In general, the BOP's administrative review remedy program is a multi-tier process that is available to inmates confined in institutions operated by the BOP for review of an issue which relates to any aspect of their confinement. (Doc. 17-1, Declaration of Jennifer Knepper, Attorney Advisor at USP-Lewisburg ("Knepper Decl.") at ¶ 4, citing 28 C.F.R. §§ 542.10, *et seq.*). With respect to disciplinary hearing decision appeals, a BOP inmate can initiate the first step of the administrative review process by filing a direct written appeal using the appropriate BP-10 form to the BOP's Regional Director (thus bypassing the institutional level of review) within twenty days after receiving the disciplinary

2

hearing officer's written report. (*Id.*, citing 28 C.F.R. § 542.14(d)(2)). If dissatisfied with the Regional Director's response, an appeal using the appropriate BP-11 form may be filed within thirty calendar days with the BOP's Central Office. (*Id*., citing 28 C.F.R. §§ 542.15(a)). This is the inmate's final available administrative appeal. No administrative remedy appeal is considered to have been fully exhausted until pursued through all levels. (*Id*. citing 28 C.F.R. § 542.15(a)).

Despite the absence of a statutory exhaustion requirement attached to § 2241, courts have consistently required a petitioner to exhaust administrative remedies prior to bringing a habeas claim under § 2241. *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000); *Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Moscato*, 98 F.3d at 761-62 (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)). However, exhaustion of administrative remedies is not required where exhaustion would not promote these goals. *See, e.g., Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998)

(exhaustion not required where petitioner demonstrates futility); *Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3d Cir. 1988) (exhaustion may be excused where it "would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm"); *Carling v. Peters*, No. 00-2958, 2000 WL 1022959, at *2 (E.D.Pa. July 10, 2000) (exhaustion not required where delay would subject petitioner to "irreparable injury").

According to Respondent, "Johnson appealed Incident Report 2823084 by filing Administrative Remedy Identification Number 862053-R1 with the Region on May 11, 2016. The Region denied his appeal on June 7, 2016. Johnson never appealed this denial to the Central Office; therefore, he has not exhausted his remedies with respect to Incident Report 2823084." (Doc. 17-1, Knepper Decl., ¶ 6). In his Traverse, Johnson contends that he "did indeed, file an appeal to the DHO decision in the Northeast Region and the Central Office" and that proof of the filings can be found in his "motion brief" and "2241 motion forms." (Doc. 19, p. 1). Neither of these documents (Docs. 1, 2) contain proof of an appeal to the Central Office.

Johnson offers nothing that would compel this court to excuse exhaustion. He fails to demonstrate futility by identifying BOP actions that would clearly and

4

unambiguously violate statutory or constitutional rights, and he has not alleged any facts that would permit this Court to find that exhaustion of his administrative remedies would subject him to "irreparable injury."

Johnson has filed twenty administrative remedies while in BOP custody. (Doc. 17-1, Knepper Decl., ¶ 5). Despite being well aware of the BOP's exhaustion requirements, he failed to "avail [] himself of every process at every turn (which would require all appeals to be timely pursued, etc.)." *Spruill v. Gillis*, 372 F.3d 218, 228 (3d Cir. 2004). Because he has not alleged facts that would permit the court to find that exhaustion would have been futile, or that requiring exhaustion would subject him to "irreparable injury," the petition will be dismissed for failure to exhaust administrative remedies. To hold otherwise would frustrate the purposes of the exhaustion doctrine by allowing Johnson to invoke the judicial process despite failing to complete administrative review.

### III. <u>CONCLUSION</u>

Based on the foregoing, the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 will be denied.

An appropriate order will issue.